1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            CENTRAL DISTRICT OF CALIFORNIA

10

11   WINSTON WILLIAMS,                    )      CASE NO. CV 12-01386 R (RZ)
                                          )
12                    Petitioner,         )
                                          )      ORDER TO SHOW CAUSE RE
13          vs.                           )      UNTIMELINESS
                                          )
14   M. MARTEL, Warden,                   )
                                          )
15                    Respondent.         )
                                          )
16   _____

17          The Court issues this Order To Show Cause directed to Plaintiff because this

18   habeas corpus action may be time-barred.

19          In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

20   ("AEDPA"), a portion of which established a one-year statute of limitations for bringing

21   a habeas corpus petition in federal court.  28 U.S.C. § 2244(d).  In most cases, the

22   limitations period commences on the date a petitioner's conviction became final. *See* 28

23   U.S.C. § 2244(d)(1).  The limitations period will start instead on one of the following dates,

24   whichever is latest, if any of them falls after the petitioner's conviction becomes final:  the

25   date on which a State-created impediment – itself a violation of Constitutional law – was

26   removed; the date on which a newly-recognized Constitutional right was established; or

27   the date on which the factual predicate for the claims could have been discovered through

28   the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

1    　　　　The time spent in state court pursuing collateral relief in a timely manner is

2    excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is

3    subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560,

4    2562-63, 177 L. Ed. 2d 130 (2010).

5    　　　　From the face of the petition and from judicially-noticeable materials, the

6    Court discerns that –

7    (a)    In 1998, a Los Angeles County Superior Court jury convicted Petitioner of

8    　　　　kidnapping and robbery.  He was sentenced to prison for 18 years and four months

9    　　　　to life.  Pet. ¶ 2.

10   (b)    The Court of Appeal affirmed in October 1999.  That court also reversed in part,

11   　　　　according to the docket, but whatever aspects were reversed still left in place the

12   　　　　convictions that Petitioner now challenges.  *See* docket in *People v. Williams and*

13   　　　　*Cooper*, No. B124929, Cal. Ct. App. 2d Dist. 1999, *available at*

14   　　　　http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1

15   　　　　063474&doc_no=B124929.  The California Supreme Court denied further direct

16   　　　　review on February 16, 2000.  *Id.* (Cal. Supreme Ct. case no. S084002).  Petitioner

17   　　　　omits this direct-appeal information from the 1AP.

18   (c)    Petitioner apparently did not seek *certiorari* in the United States Supreme Court.

19   　　　　Petitioner's conviction therefore became final no later than May 17, 2000, when the

20   　　　　high court's 90-day period for seeking such relief expired.  *See* SUP. CT. R. 13.1.

21   (d)    On July 18, 2000, Petitioner filed a habeas corpus petition in this Court, *Williams*

22   　　　　*v. Castro*, No. CV 00-7750 R (RZ).  The Court entered Judgment dismissing the

23   　　　　action without prejudice on July 23, 2001 for Petitioner's failure to have exhausted

24   　　　　his claims in state court prior to filing suit.

25   (e)    Petitioner then returned to the state courts.  Starting on August 6, 2001 and

26   　　　　continuing for over a decade thereafter, Petitioner has filed numerous unsuccessful

27   　　　　petitions in the California Supreme Court and California Court of Appeal seeking

28

1  habeas corpus or coram nobis.  In chronological order, these actions, all captioned

2  *In re Williams*, include the following:

3  • Cal. Supreme Ct. no. S099628 (habeas relief denied Nov. 28, 2001);

4  • Cal. Ct. App. no. B166904 (coram nobis relief denied May 13, 2003);

5  • Cal. Supreme Ct. no. S110897 (habeas relief denied June 6, 2003);

6  • Cal. Ct. App. no. B224277 (habeas relief denied May 27, 2010);

7  • Cal. Ct. App. no. B233101 (habeas relief denied May 26, 2011); and

8  • Cal. Supreme Ct. no S194766 (habeas relief denied Jan. 11, 2012).

9  (f)   Petitioner filed this action on February 13, 2012.

10  * * * * *

11  Unless this Court has miscalculated the limitations period, or some form of

12  additional tolling applies in sufficient measure, this action is time-barred.  It became stale

13  over ten years ago, in mid-May of 2001, twelve months after his conviction became final.

14  Petitioner's prior, abortive *federal*-court petition did not toll the applicable one-year

15  limitations period, unlike a properly-filed *state*-court habeas challenge.  28 U.S.C.

16  § 2244(d)(2); *Duncan v. Walker,* 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251

17  (2001).  And Petitioner's commencement of state habeas proceedings after the May 2001

18  expiration of his limitations period cannot rejuvenate that limitations period.  *See Green*

19  *v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).  No basis appears in the petition for a later

20  AEDPA-limitations-period starting date.  Nor does the face of the petition disclose any

21  basis for equitable tolling.

22  This Court may raise *sua sponte* the question of the statute of limitations bar,

23  so long as it gives Petitioner an opportunity to be heard on the matter.  *Herbst v. Cook*, 260

24  F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause why this action should

25  not be dismissed as being barred by the one-year statute of limitations.  Petitioner shall file

26  his response to the Court's Order to Show Cause not later than 21 days from the filing date

27  of this Order.

28

1    If Petitioner does not file a response within the time allowed, the action may

2  be dismissed for failure to timely file, and for failure to prosecute.

3    IT IS SO ORDERED.

4

5    DATED:    March 26, 2012

6

7    _____
     RALPH ZAREFSKY

8    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28